# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Aaron B. Keys, #12860-171,** | Case No. 6:16-cv-3167-MGL-MGB |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **Lance Crick, et al.,** | |
| **Defendants.** | |

This case is before the Court for initial review. Plaintiff Aaron Keys has filed this action *pro se* and *in forma pauperis*. Although Plaintiff was formerly a federal prisoner incarcerated at the Federal Correctional Institution ("FCI-Edgefield") in Edgefield, South Carolina, the record reflects that he was no longer incarcerated when he filed this case. Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge. After careful review, the Magistrate Judge recommends that the Complaint be **summarily dismissed**, and without issuance and service of process, for the following reasons:

## I. Background

On June 21, 2005, Aaron Keys pleaded guilty in the United States District Court for the District of South Carolina to being a felon in possession of a firearm. *See United States v. Keys*, D.S.C. Case No. 6:05-cr-0258-HMH. On September 12, 2005, United States District Judge Henry M. Herlong sentenced Keys "as an armed career criminal to the mandatory minimum term of fifteen years imprisonment." Keys appealed, contending that the district judge had erred in sentencing him as an armed career criminal. On December 5, 2006, the United States Court of

Appeals for the Fourth Circuit affirmed in an unpublished decision. *See United States v. Keys*, 208 F. App'x 203, 204 (4th Cir. 2006).

In April 2014, Keys filed a document captioned as a "Motion to Vacate Sentence Under 28 U.S.C. § 2241; Alternative Petition for Writ of Adita Qquerela (sic) and Present to the Court the Following Below Presentation: Section 2255(F)(3)(4)(E) Substantial Change of Law." *See Keys v. Warden*, D.S.C. Case No. 6:05-cr-00258-HMH, DE#48. After Keys was given notice and opportunity to respond, Judge Herlong deemed the petition to be a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Ultimately, the petition was dismissed as untimely. The United States Court of Appeals for the Fourth Circuit dismissed the appeal on October 22, 2014. *See United States v. Keys*, 585 F. App'x 41 (4th Cir. 2014).

Keys then filed a federal habeas petition pursuant to 28 U.S.C. § 2241. *See Keys v. Warden*, D.S.C. Case No. 2:15-cv-3358-MGL-MGB. Again, he sought to challenge his federal sentence for possession of a firearm by a convicted felon. See 18 U.S.C. §§ 922(g)(1), 924(e). He relied on the decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), where the United States Supreme Court held that the definition of prior "violent felony" in the ACCA's residual clause was unconstitutionally vague under due process principles. In his §2241 petition, Keys argued that his 1990 South Carolina state court conviction for burglary no longer qualified as a "crime of violence."

Given that Keys was challenging his sentence, and given that his previous § 2255 motion had been dismissed, his § 2241 petition was deemed to be an unauthorized successive motion pursuant to 28 U.S.C. § 2255. Such petition was summarily dismissed without prejudice to Keys' ability to request permission from the Fourth Circuit Court of Appeals for permission to file a successive § 2255 motion. Keys does not indicate that he sought such permission.

Instead, upon his release from federal prison, Plaintiff filed the instant civil action seeking monetary damages from the federal prosecutor (Assistant United States Attorney Alan Crick) and the federal sentencing judge (United States District Judge Henry M. Herlong, Jr.) for their actions in Keys' prior federal criminal case. The gist of the present Complaint is that Plaintiff is attempting to sue these defendants for monetary damages for imposition of an allegedly "illegal sentence." (DE# 1 at 5, "Statement of Claim"). In his own words, Plaintiff seeks monetary damages "due to the unprofessional conduct of Mr. Lance (sic) Crick and Mr. Henry M. Herlong, Jr. in the illegal sentencing violating my 5th, 6th, and 8th constitutional rights on Sept. 12, 05 (sic) at the US Dist (sic) Court in Greenville, South Carolina." (*Id.*).

## II. Standard of Review

### A. Liberal Construction

*Pro se* pleadings are liberally construed and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* complaints does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed. *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore *a pro se* plaintiff's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) *cert. denied*, 475 U.S. 1088 (1986).

### B. No Screening Under 28 U.S.C. §§ 1915, 1915A

Plaintiff was not a prisoner when he filed this case. Pre-screening under 28 U.S.C. §§ 1915 and 1915A applies to cases brought by prisoners and is not applicable in non-prisoner cases, such as the present one. *See e.g., Chong Su Yi v. Social Sec. Admin.*, 554 F.App'x 247 (4th Cir. 2014); *Mayhew v. Duffy*, Case No. 2:14–cv–24–RMG-BM, 2014 WL 468938, *1 (D.S.C. Feb. 4, 2014). Therefore, the Magistrate Judge is not reviewing pursuant to 28 U.S.C. §§ 1915, 1915A.

### C. Screening Under § 1915(e)(2)

Pre-screening under 28 U.S.C. § 1915(e)(2) does apply to cases brought by non-prisoner litigants, such as Plaintiff, who are proceeding IFP. *See, e.g., Chase v. Greenville Tech. College*, Case No. 6:12–3376–TMC–KFM, 2012 WL 6808967 (D.S.C. Dec. 13, 2012), *adopted by* 2013 WL 85161 (D.S.C. Jan. 8, 2013); *Bardes v. Magera*, Case No. 2:08–487–PMD–RSC, 2008 WL 2627134, *8–10 (D.S.C. June 25, 2008)). Therefore, the Magistrate Judge is reviewing pursuant to 28 U.S.C. § 1915(e)(2). Such statute provides that "the court shall dismiss the case at any time if the court determines that the action … (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(i-iii).

### D. Inherent Authority to Dismiss Frivolous Case

Additionally, the United States Supreme Court has observed that federal district courts possess inherent authority to dismiss a frivolous case. *See Mallard v. United States District Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) ... authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *see also Hagans v. Lavine*, 415 U.S. 528, 536–537 (1974) (holding that

federal district courts may dismiss claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit").

Consistent with such authority, the Fourth Circuit Court of Appeals has held that "frivolous complaints are subject to summary dismissal pursuant to the inherent authority of the court." *Ross v. Baron*, 493 F.App'x 405, 406 (4th Cir. Aug. 22, 2012); *and see, e.g., Cabbill v. United States*, Case No. 1:14-cv-4122-JMC-PJG, 2015 WL 6905072, *5 (D.S.C. Nov. 9, 2015) (same), *appeal dism'd*, 2016 WL 1085106 (4th Cir. Mar. 21, 2016); *Anderson v. Patterson,* Case No. 6:16-761-MGL-JDA, 2016 WL 1743095 (D.S.C. April 12, 2016), *adopted by* 2016 WL 1732763 (D.S.C. May 2, 2016). "A suit is frivolous if it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (same).

Therefore, in addition to pre-screening under 28 U.S.C. § 1915(e)(2), the present Complaint is also subject to review pursuant to the inherent authority of this Court to ensure that subject matter jurisdiction exists and that the case is not frivolous. *See e.g., Carter v. Ervin*, Case No. 0:14–cv–00865–TLW-PJG, 2014 WL 2468351, *3 (D.S.C. June 2, 2014), *appeal dism'd,* 585 F.App'x 98 (4th Cir. 2014); *Mayhew*, 2014 WL 468938 at *1, fn.1 (exercising inherent authority to summarily dismiss frivolous case).

### III. Discussion

Even with liberal construction, the Complaint in the present case is subject to summary dismissal for multiple reasons, including that the Complaint "seeks monetary relief against a defendant who is immune from such relief" and is frivolous, both legally and factually. See 28 U.S.C. §1915(e)(2)(B).

### A.  Sovereign Immunity for Federal Defendants in Official Capacity

Plaintiff's Complaint names a federal judge and a federal prosecutor as defendants and claims that they violated his constitutional rights. Therefore, the Complaint is construed as an action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397(1971), which established a cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *See Carlson v. Green*, 446 U.S. 14, 18 (1980); *Holly v. Scott*, 434 F.3d 287, 289 (4th Cir.), *cert. denied*, 547 U.S. 1168 (2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, and case precedent pertaining to § 1983 claims generally applies to *Bivens* actions. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982); *Farmer v. Brennan*, 511 U.S. 825, 839 (1994).

Under the principle of sovereign immunity, the Plaintiff may not sue the United States or its officials without their consent. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (declining to extend *Bivens* to permit suit against a federal agency); *Global Mail Ltd. v. United States Postal Service*, 142 F.3d 208, 210 (4th Cir. 1998) (holding that federal governmental entity is entitled to sovereign immunity unless Congress waives immunity and consents to suit). Sovereign immunity deprives a court of jurisdiction. *Global Mail Ltd.*, 142 F.3d at 210; *United States v. Jones*, 225 F.3d 468, 469 (4th Cir. 2000), *cert. denied*, 532 U.S. 1053 (2001).

The Fourth Circuit Court of Appeals has explained that "*Bivens* does not allow for recovery of money damages, or suits in general, against the government itself." *Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999). The same is true for actions brought against federal officials in their official capacities. *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002). The present Plaintiff may not sue the Defendants in their official capacities. *Id.* ("a *Bivens* action does not lie against … officials in their official capacity"); *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) (same); *and see, e.g.*, *Estate of Riopedre v. United States*, 2015 WL 505584 (D.S.C. Feb. 6, 2015) ("Bivens

claims for damages are not actionable against the United States, federal agencies, or public officials acting in their official capacities"). Thus, although Plaintiff does not indicate whether he is suing the defendants in their official or individual capacities, any *Bivens* claims against the defendants in their official capacity would be subject to dismissal based on sovereign immunity.

### B. Absolute Judicial Immunity

To the extent the Plaintiff is attempting to sue Judge Herlong in his individual capacity, it is well-settled that judges have absolute judicial immunity for their judicial actions, including the imposition of sentences in criminal cases. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Although Plaintiff complains that his sentence was erroneous or improper, judges are not deprived of immunity even if their actions were made in error. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Absolute judicial immunity is a protection from suit, not just from damages. *Mireless*, 502 U.S. at 11. Plaintiff's Complaint attempts to sue a federal judge who is protected by absolute judicial immunity for his judicial actions, and therefore, Plaintiff's claims against Judge Herlong are subject to summary dismissal. This deficiency cannot be remedied through more specific pleading. *Adams v. Rice*, 40 F.3d 72, 76 n.1 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995) (holding that dismissal with prejudice was therefore appropriate).[1]

### C. Absolute Prosecutorial Immunity

Any claims against the defendant prosecutor in his individual capacity would also be subject to summary dismissal. Prosecutors are immune from claims for monetary damages (under § 1983 or *Bivens*) for acts taken in their prosecutorial role. *Buckley v. Fitzsimmons*, 509 U.S. 259,

---

[1] Although Plaintiff attempts to sue Judge Herlong for monetary damages for the sentence imposed on Plaintiff, such claim lacks any basis in fact or law and is frivolous. *See, e.g., Evans v. Allbrooks*, 1989 WL 100776 (4th Cir.) (affirming district court's dismissal of complaint against judge as "wholly frivolous"); *Carter v. Ervin,* 2014 WL 2468351, *5 (D.S.C.) ("Plaintiff's claims against the judicial defendants are frivolous and subject to summary dismissal"), *appeal dism'd by* 585 F.App'x 98, (4th Cir. Oct. 24, 2014).

273 (1993) ("acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial … are entitled to the protections of absolute immunity"); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutors have immunity for performing functions "intimately associated with the judicial phase of the criminal process"); *Nivens v. Gilchrist*, 444 F.3d 237, 249-50 (4th Cir.) (holding that absolute prosecutorial immunity barred damages claim against prosecutor in individual capacity), *cert. dismissed by* 548 U.S. 939 (2006).

Although Plaintiff is suing the Assistant United States Attorney for prosecuting him (and for the resulting sentence imposed by the federal court), prosecutors have absolute immunity from suit and monetary damages for claims arising from their prosecutorial functions. *See, e.g., Redden v. McMaster*, Case No. 8:08-2845-CMC-BHH, 2008 WL 4458877, *3 (D.S.C. Sept. 29, 2008) (prosecutors "have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, [and] grand jury proceedings"), *aff'd by* 313 F.App'x 654 (4th Cir. 2009). Duties arising from criminal prosecution are functions "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 431. The Defendant prosecutor is entitled to absolute prosecutorial immunity, and any claims against him in his individual capacity should be summarily dismissed.[2]

In conclusion, the Plaintiff's Complaint is subject to summary dismissal because it: 1) sues federal defendants who are protected by sovereign immunity in their official capacity; 2) sues federal defendants who have absolute judicial or prosecutorial immunity in their individual

---

[2] Although Plaintiff wishes to vent his anger regarding his "illegal sentence," the prosecutor did not impose the sentence of which Plaintiff complains. Plaintiff's claims against the defendant United States Attorney Alan Crick for monetary damages for his prosecutorial actions lack any basis in fact or law, and are frivolous. Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time." *Neitzke*, 490 U.S. at 319.

capacity; and 3) asserts claims that lack any basis in fact or in law and are frivolous. See 28 U.S.C. §1915(e)(2)(B).

## IV.   Recommendation

Accordingly, the Magistrate Judge recommends that the Complaint (DE#1) be **summarily dismissed** with prejudice as to the claims against the defendants in their individual capacity and without prejudice as to any claims against the defendants in their official capacity.

**IT IS SO RECOMMENDED**.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

October 14, 2016
Charleston, South Carolina

Petitioner's attention is directed to the **Important Notice** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).